UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RONALD SUMBANG, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 2:11-cv-00825-RCJ-PAL |
| COUNTRYWIDE HOME LOANS et al., | ) ) | **ORDER** |
| Defendants. | ) ) | |

This is a standard foreclosure case involving one property. The Complaint is a MERS-conspiracy-type complaint listing seven causes of action: (1) "False Documents" under section 239.330; (2) Consumer Fraud under section 598.0999; (3) Declaratory Relief; (4) Conspiracy; (5) Unjust Enrichment; (6) Quiet Title; and (7) Injunctive Relief. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. For the reasons given herein, the Court grants the Motions to Dismiss (ECF No. 8) and denies the Motion to Remand (ECF No. 11).

**I.    THE PROPERTY**

Plaintiff Ronald Sumbang gave lender Countrywide Home Loans, Inc. ("Countrywide") a promissory note for $304,000 secured by real property at 6540 Evening Rain Ave., Las Vegas, NV 89156 (the "Property"). (*See* Deed of Trust ("DOT") 1–4, Mar. 17, 2006, ECF No. 9, at 9). Recontrust Co. was the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS")

1  was the lender's "nominee." (*See id.* 2).  Recontrust filed four notices of default ("NOD")

2  between 2007 and 2010. (*See* First NOD, Aug. 3, 2007, ECF No. 9, at 41; Second NOD, Apr. 7,

3  2008, ECF No. 9, at 44; Third NOD, Aug. 14, 2009; Fourth NOD, Jan. 11, 2010, ECF No. 9-1, at

4  2).  The foreclosure appears to have been statutorily proper based on any of them. *See* Nev. Rev.

5  Stat. § 107.080(2)(c).  Recontrust noticed a trustee's sale for July 29, 2008. (*See* Notice of

6  Trustee's Sale ("NOS"), July 10, 2008, ECF No. 9-1, at 5).

7  It is not clear if the property has been sold.  Recontrust noticed the sale for July 2008.

8  However, it filed no fewer than four NODs, two before the NOS and two after.  Any of the four

9  NODs are statutorily sufficient, because they were all filed by the original trustee.  Defendants

10 note that Plaintiff was already given a loan modification in 2008 but subsequently defaulted on

11 the loan as modified, which likely accounts for the multitude of NODs.  Plaintiff has not cured

12 the latest default for over a year and did not take advantage of the FMP program. (*See* FMP

13 Certificate, Apr. 29, 2010, ECF No. 9-1, at 9).

14 **II.    ANALYSIS**

15 The foreclosure appears to have been proper, so the quiet title claim fails.  As for the

16 affirmative claims, section 239.330 is a criminal statute that Plaintiff may not privately

17 prosecute.  No claim for unjust enrichment can lie where an express contract governs the

18 relationship between the parties, as here.  As to the section 598.0999 claim, Plaintiff alleges that

19 he ceased making payments in July 2007 because Defendants represented that he could obtain a

20 modification if he did so, and that they continued to conceal their intention not to modify the

21 loan, but to foreclose, for four years by continuing to request additional information. (*See*

22 Compl. ¶¶ 44–47, Apr. 25, 2010, ECF No. 1, at 8).  However, Defendants note that Plaintiff did

23 in fact receive a modification, and subsequently defaulted again on the loan *as modified*.  Finally,

24 Plaintiff does not plead facts indicating any plausible conspiracy, and injunctive and declaratory

25 relief are not separate causes of action, but measures of relief.

In the motion to remand, Plaintiff recites case law and statutes concerning federal question jurisdiction, removal procedures, and abstention but does not address the facts of the present case.  First, Plaintiff does not challenge complete diversity, which appears to be present.  Second, Plaintiff filed the present case in state court on April 25, 2011, and Defendants removed within thirty days on May 20, 2011.  Third, the Court has rejected abstention arguments in similar cases.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 8) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Remand (ECF No. 11) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case accordingly.

IT IS SO ORDERED.

Dated this 8th day of August, 2011.

_____
ROBERT C. JONES
United States District Judge